UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN GONZALEZ, | Civ. No. 13-1350 (KM) |
| Plaintiff, | |
| | OPINION |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff, Ruben Gonzalez, initiated this lawsuit against Defendant, Portfolio Recovery Associates, LLC, in the Superior Court of New Jersey, Law Division, Special Civil Part, on February 15, 2013. (Docket No. DC-002633-13 (Hudson County))[1]. The complaint alleges that Defendant, a debt collection agency, violated the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692 et seq. According to the complaint, Defendant sent Plaintiff a letter that misstated the amount of the debt and falsely represented that an attorney was involved in the collection process. On March 6, 2013, Defendant removed the action to this Court.

Before the Court are Defendant's motions (i) to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), on grounds that it was filed after the running of the one year statute of limitations set forth in the FDCPA, 15 USC § 1692k(d); and (ii) for sanctions, pursuant to Federal Rule of Civil Procedure 11.

Plaintiff responds that this action relates back to the date of his filing of a prior action. Plaintiff did indeed file an earlier, virtually identical complaint in the Superior Court of New Jersey on September 4, 2012. (Docket No. DC-017261-12 (Hudson County)). That filing, if effective, would have been timely. On December 7, 2012, however, that earlier complaint was dismissed without prejudice. The current action was filed later, after the statute of limitations had expired.

---

[1] In the New Jersey State court system, Special Civil Part is reserved for smaller claims that do not exceed $15,000.

1

As set forth below, I do not find that the current complaint relates back to the filing date of the prior action, and I see no basis for equitable tolling of the statute of limitations. The motion to dismiss will therefore be granted. The motion for sanctions, however, will be denied. These motions are decided without oral argument. *See* Fed. R. Civ. P. 78(b).

**LEGAL STANDARDS AND DISCUSSION**

<u>Defendant's Motion to Dismiss</u>

    *i.*    *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by subsequent Supreme Court case law). In reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court may examine the facts as alleged in the pleadings as well as 'matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case.' *Yuhasz v. Poritz*, 166 Fed. Appx. 642, 646 (3d Cir. 2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994)); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 600-601 (D.N.J. 2002).

Plaintiff's opposition to the motions introduces facts and materials not contained or referenced in his complaint. Plaintiff submits copies of his September 4, 2012 state court complaint, Defendant's motion to dismiss it, the certification in support of that motion, and the order entered by the Superior Court of New Jersey dismissing that complaint without prejudice. I take judicial notice of these public records. They do not require that I convert Defendant's motion into one for summary judgment. *See* Fed. R. Civ. P. 201; *Yuhasz v. Poritz*, 166 Fed. Appx. at 646. Indeed, I review these materials only in connection with Plaintiff's relation-back and tolling arguments; they do not bear on the veracity of the allegations of the complaint, which I take as true for purposes of this motion. *Phillips*, 515 F.3d at 231.

2

## ii. Analysis

Any claim brought pursuant to the FDCPA must be filed within one year after the date of the alleged violation. 15 USC § 1692k(d). Defendant argues that the complaint is untimely on its face, because it does not allege that Defendant committed any violation within the year preceding its filing. *Cf. Oshiver*, 38 F.3d at 1385 n. 1; 5B Wright and Miller, *Federal Practice and Procedure: Civil 3d* § 1357 n. 69 (a complaint may, on its face, be subject to dismissal on the basis of an affirmative defense such as statute of limitations).

According to the complaint, Defendant sent a letter that violated the FDCPA on or about November 7, 2011. Accordingly, this action, filed on February 9, 2013, falls outside the one-year limitations period of § 1692k(d). Plaintiff does not deny this. Instead, he argues that his action is not time-barred because it relates back to September 4, 2012. On that date, Plaintiff filed a State court complaint substantially identical to this one. Defendant did not answer, and a default was entered. Thereafter, however, on Defendant's motion, the State court vacated the default and dismissed the complaint without prejudice because Plaintiff had never properly effected service.[2] That dismissal without prejudice occurred on December 7, 2012.

Plaintiff cites Federal Rule of Civil Procedure 15(c), which sets forth certain circumstances in which "[a]n amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). But when an action is dismissed without prejudice, a separate, subsequently filed action does not relate back to the date of the first action's filing. *Jones v. Morton*, 195 F.3d 153, 160-161 (3d Cir. 1999) (denying habeas petitioner's relation-back argument, reasoning that "'typically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed," and a subsequent action "cannot be considered an amendment...but must be considered a new action"); *Rayo v. New York*, 882 F. Supp. 37, 40 (N.D.N.Y 1995) ("The relation back doctrine has application only in instances where an original pleading is amended."); *Elgendy v. City of New York*, 2000 U.S. Dist. LEXIS 11085 (S.D.N.Y. July 31, 2000) (rejecting plaintiff's contention that its complaint related back to a previous, voluntarily dismissed complaint).

These cases instruct that a new action is not tantamount to an amended complaint, and a dismissal without prejudice is not akin to a court's granting leave to file an amended complaint. *White v. Caterpillar, Inc.*, 2006 U.S. Dist. LEXIS 31899 at n. 1 (C.D. Ill. May 11, 2006), the primary case cited by Plaintiff, is not to the contrary. There, a district court received an improperly signed complaint (counsel misunderstood the local rule) and directed plaintiff to refile a corrected version of the complaint. *Id.* The court treated the corrected

---

[2] It does not seem to be disputed that Plaintiff attempted to serve Defendant by mail at its address in Virginia, but never attempted to serve Defendant's agent for service in New Jersey, as required. N.J. Ct. R. 4:4-(b)(1) and 4:4-5(b).

3

pleading as an amended complaint whose filing date related back to the date of the original, defective filing. *Id.* The court had not dismissed the action; both pleadings, the original and the corrected complaint, were filed on the same docket. *Id. White* is therefore no more than an application of the principle, embodied in Rule 15, that a complaint may be amended within the same action without losing the benefit of its original filing date.

Here, in contrast, Plaintiff's first complaint was dismissed by the Superior Court of New Jersey because Plaintiff failed to properly serve the Defendant with process. A dismissal without prejudice of course does not foreclose a subsequent action, all other things being equal. Whether any such subsequent action is timely, however, is an entirely separate issue. Here, the new action was not timely. And Plaintiff provides no support for a rule that would leave open (forever, apparently) the option of filing a new action based on the filing date of a dismissed action that was never properly served. Neither the Federal Rules, nor, for that matter, the Rules Governing Civil Practice in the New Jersey Courts, allow for relation-back of anything other than an amended pleading. Fed. R. Civ. P. 15(c); N.J.R.Ct. 4:9-3.

Alternatively, Plaintiff argues that the filing of the prior complaint equitably tolled the statute of limitations. The parties agree that this principle applies where a plaintiff has mistakenly asserted his rights in the wrong forum (but in otherwise timely fashion); where defendant has actively misled plaintiff respecting plaintiff's cause of action; or where plaintiff has, in some extraordinary way, been prevented from asserting his rights. *Hedges*, 404 F.3d at 751 ("Equitable tolling is an extraordinary remedy which should be extended only sparingly."); *Oshiver*, 38 F.3d at 1387.

None of those scenarios occurred here. Plaintiff has not been prevented from asserting his rights in any extraordinary way. He chose to file his first complaint just two months before the statute of limitations ran and counsel then failed to serve Defendant properly under State law. That the statute of limitations ran while the state-court motion to dismiss was pending cannot be blamed on Defendant; Defendant did nothing to mislead Plaintiff or prevent Plaintiff from exercising his rights. Nothing prevented Plaintiff from remedying the defective service, subject to State rules and procedures, at any time. There are no extraordinary circumstances here, and no principled basis on which to invoke equity in Plaintiff's favor.

The motion to dismiss will therefore be granted.

<u>Defendant's Motion for Sanctions</u>

In conjunction with its motion to dismiss, Defendant also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Under that rule, an attorney who signs any submission to the court certifies that "the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Any attorney who violates this requirement upon notice and a reasonable opportunity to respond may be sanctioned by the court. *Id.* 11(c). I do not find that the Plaintiff's filing of an untimely complaint or his arguments in opposition to dismissal approach the Rule 11 threshold. I note also the difficulty of applying Federal Rule 11 to a pleading that was filed in State court and removed to federal court only at Defendant's behest. The motion for sanctions is denied.

## CONCLUSION

For the reasons stated above, the motion to dismiss based on the statute of limitations is **GRANTED**, the motion for sanctions is **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

_____
KEVIN MCNULTY
United States District Judge

Date: September 20, 2013